IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAVEN JONES, ) | |
| ) | |
| Petitioner, ) | Case No. CV 07-0304-C-EJL |
| ) | |
| v. ) | |
| ) | **MEMORANDUM ORDER** |
| STATE OF IDAHO, ) | |
| IDAHO DEPARTMENT OF ) | |
| CORRECTION, ) | |
| WARDEN KIM JONES, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Idaho state prisoner Raven Jones has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Court is required to screen habeas petitions to determine whether they are subject to summary dismissal. *See* 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

After reviewing the Petition in this case, the Court has concluded that it plainly appears that Petitioner will not be entitled to relief. Accordingly, this case shall be dismissed.

**REVIEW OF THE PETITION**

Petitioner pled guilty to the crime of rape under a plea agreement, and his judgment of conviction was entered in 1991. He alleges that he agreed to plead guilty "in trade for not

**MEMORANDUM ORDER - 1**

receiving a life sentence without the possibility for parole." Petition, p. 1. The district court sentenced him to thirty years fixed with life indeterminate.

In 2006, Petitioner filed a Rule 35 motion for correction of illegal sentence, alleging that his sentence exceeded the maximum allowed by law. The district court denied the motion, the Idaho Court of Appeals affirmed that decision, and the Idaho Supreme Court declined to review the case.

In this federal habeas action, Petitioner contends that he has been denied several constitutional rights because Idaho statutory provisions allegedly do not define precisely what a sentence of "life imprisonment" means. Instead, he suggests that a life sentence has traditionally been viewed in Idaho as a maximum of thirty years. (Petition, pp. 2-4.) Under this interpretation, he claims that he is serving two life terms, one thirty-year fixed "life" term followed by a second indeterminate life term. This Court finds Petitioner's claim to be without merit, and no useful purpose would be served by ordering a response from the Respondents. *See* Habeas Rule 4.

As an initial matter, Petitioner is essentially challenging the Idaho Court of Appeals' determination that his sentence is not illegal, which is a question of state law. Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal court may review a state court's interpretation of its own law only when "it appears

**MEMORANDUM ORDER - 2**

that its interpretation is an obvious subterfuge to evade consideration of a federal issue." *Peltier*, 15 F.3d at 862 (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). The Court finds no such subterfuge here, and Petitioner's attempt to recast the claim now as a denial of "due process" is not sufficient to raise a cognizable federal issue.

However, even if a federal claim were present in this case, it is clear that it would lack merit. Setting aside serious questions regarding whether the Petition is timely, *see* 28 U.S.C. § 2244(d)(1), and whether the constitutional claim that Petitioner attempts to raise here was fairly presented and properly exhausted in the Idaho Supreme Court, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), Petitioner's allegations would not entitle him to habeas relief in federal court.

Petitioner's legal theory seems to be a variation of a similar argument that other Idaho prisoners have made recently, claiming that because an indeterminate life sentence was once considered to be thirty years for purposes of calculating *parole eligibility*, it should be considered thirty years for purposes of *release* from prison. That argument has its roots in old cases such as *King v. State*, 456 P.2d 254 (Idaho 1969), in which the Idaho Supreme Court noted that "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences." *Id*. at 260.

Thus, in *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the defendant argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving thirty years. In rejecting that argument, the Idaho Court of Appeals stated:

**MEMORANDUM ORDER - 3**

> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

*Id*. at 243.[1]

The Court of Appeals recently expressed its opinion more strongly, holding that "under Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any 'custom and usage' making it so." *State v. Murphy*, 158 P.3d 315, 316 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)). According to this authority, then, when determining the potential maximum term that a prisoner may eventually be required to serve in Idaho–as opposed to calculating parole eligibility–life means life.

Furthermore, whatever ambiguity that may have existed in Idaho law decades ago does not exist with respect to Petitioner's sentence, which was imposed five years after the Idaho Legislature enacted the Unified Sentencing Act. *See State v. Wood*, 876 P.2d 1352, 1354 (Idaho 1993) ("the quote from *King* identified by [inmates] no longer has precedential value in light of the adoption of the Unified Sentencing Act in 1986"). Under the Act, the trial court sets a minimum period of confinement, during which the defendant is not eligible

---

[1] The Idaho Court of Appeals's decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984).

**MEMORANDUM ORDER - 4**

for parole, and a subsequent indeterminate period of confinement that cannot exceed the maximum statutory punishment for the crime. Idaho Code § 19-2513. The penalty for rape is a minimum of one year and a maximum of life imprisonment. Idaho Code § 18-6104 (1990).

Consistent with these statutory provisions, the trial court in this case sentenced Petitioner to a term of life in prison with the first thirty years fixed. In other words, Petitioner will be required to serve thirty years before he can be considered for parole by the Commission of Pardons and Parole, and if the Commission does not release him on parole, he will remain in prison. Petitioner's sentence falls within the range authorized by Idaho law, and it is not ambiguous or arbitrary with respect to its terms.

For all of these reasons, it plainly appears that Petitioner would not be entitled to relief in the district court, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.

DATED: **May 21, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 5**